UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILONG HUYNH,<br><br>                           Petitioner,<br><br>v.<br><br>J. LIZARRAGA,<br><br>                           Respondent. | Case No.:  15-CV-1924 BTM (DHB)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE REGARDING PETITIONER'S MOTION FOR STAY AND ABEYANCE**<br><br>**[ECF No. 7]** |

On August 31, 2015, Petitioner, Philong Huynh ("Petitioner"), filed a Petition for Writ of Habeas Corpus.  (ECF No. 1.)[1]  On September 21, 2015, Petitioner filed a Motion for Stay and Abeyance.  (ECF No. 7.)  Respondent filed an opposition to Petitioner's motion on October 23, 2015 (ECF No. 11), and Petitioner filed a reply on November 16, 2015.  (ECF No. 15.)

The Court has considered the above documents as well as the record as a whole. Based thereon, and for the reasons set forth below, the Court **RECOMMENDS** that Petitioner's Motion for Stay and Abeyance be **DENIED**.

---

[1] Page numbers for docketed materials cited in this Order refer to those imprinted by the Court's electronic case filing ("ECF") system.

## I.     BACKGROUND

Petitioner began federal habeas proceedings on August 31, 2015, when he filed his Petition for Writ of Habeas Corpus. (ECF No. 1.) Petitioner raises five claims in his Petition: (1) insufficient evidence; (2) actual innocence; (3) ineffective assistance of counsel; (4) violation of due process under the Fifth and Fourteenth Amendments; and (5) unreasonable search and seizure in violation of the Fourth Amendment. (*Id.*)

On September 21, 2015, Petitioner filed a cursory motion for stay and abeyance indicating he wishes to "file new state petitions." (ECF No. 7.) In opposition, Respondent contends the actual innocence claim in Ground Two is unexhausted. (ECF No. 11.) Respondent notes the remaining four claims appear to be exhausted.[2] (*Id.*) Therefore, presumably Petitioner seeks to stay these proceedings while he exhausts Ground Two. Respondent contends that Petitioner is not entitled to a stay.

## II.     DISCUSSION

### A.     Legal Standard

Habeas petitioners who wish to challenge either their state court conviction, or the length of their confinement, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Federal courts cannot consider petitions that contain both exhausted and unexhausted claims, often referred to as "mixed" petitions. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding a district court must dismiss a federal habeas petition containing both unexhausted and exhausted claims). The filing of a mixed petition renders it subject to dismissal. *Id*.

---

[2] On January 22, 2013, Petitioner filed a Petition for Review in the California Supreme Court, where he raised claims similar to those in Grounds One and Four of the current Petition. (Lodgment No. 9.) On December 22, 2014, Petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court, where he raised claims similar to those in Grounds One, Three, Four, and Five of the current Petition. (Lodgment No. 5.)

There are two procedures available to stay federal proceedings when a Petitioner seeks to return to state court to exhaust an unexhausted claim: (1) the "stay and abeyance" procedure under *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); and (2) the "withdrawal and abeyance" procedure under *Kelly v. Small*, 315F.3d 1063 (9th Cir. 2003). In *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009), the Ninth Circuit summarized the difference between the procedures as follows:

> *Rhines* allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them in state court. In contrast, the three-step procedure outlined in *Kelly* allows the stay of fully exhausted petitions, requiring that any unexhausted claims be dismissed.

*King*, 564 F.3d at 1139-40.

In his motion for stay and abeyance, Petitioner did not specify whether he was requesting a stay under *Rhines* or under *Kelly*. However, in his reply, Petitioner requests the Court stay the Petition pursuant to *Rhines*. (ECF No. 15 at 3.)

**B.     Discussion**

Under the *Rhines* procedure, the entire petition is stayed while the petitioner returns to state court to exhaust the unexhausted claims. Once all claims are exhausted, the district court will lift the stay and the petitioner will proceed with his petition. *Id.* at 275-76. To be eligible for a stay under *Rhines*, the petitioner must show: (1) there was good cause for his failure to exhaust his claims in state court, (2) that the unexhausted claims are potentially meritorious, and (3) that he has not engaged in intentionally dilatory litigation tactics. *Id.* at 278. In *Rhines*, the Supreme Court held that "stay and abeyance should be available only in limited circumstances" because staying a federal habeas petition frustrates the Antiterrorism and Effective Death Penalty Act's ("AEDPA") objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings, and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to first exhaust all his claims in state court. *Rhines*, 544 U.S. at 277. As a threshold matter, "[b]ecause granting a stay effectively excuses a petitioner's failure

to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id*.

Petitioner asserts good cause exists for his failure to exhaust because at the time he filed in state court, he did not yet have the evidence to support his claim of actual innocence. (ECF No. 15 at 1.) Petitioner also asserts that he encountered difficulties in gathering the evidence for his actual innocence claim due to being injured in prison, contracting valley fever, and suffering from depression. (*Id.* at 2.) Even assuming these conditions would constitute good cause for his failure to exhaust, the Court finds Petitioner cannot satisfy the second requirement under *Rhines* because his claim does not have potential merit.

The United States Supreme Court has not recognized freestanding actual innocence as a basis for federal habeas relief. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). In *Herrera*, the Court explained that its body of "habeas jurisprudence makes clear that a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claims considered on the merits." *Id.* at 404. "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – not to correct errors of fact." *Id.* at 400. *See also Schlup v. Delo*, 513 U.S. 298, 313-315 (1995) (distinguishing procedural claims of innocence from substantive claims of innocence, and holding that a claim of actual innocence may be raised to avoid a procedural bar to consideration of the merits of a petitioner's constitutional claims); *House v. Bell*, 547 U.S. 518, 555 (2006) (declining to resolve the open question of whether freestanding actual

innocence claims are possible).

Here, Petitioner, like the petitioner in *Herrera* "does not seek excusal of a procedural error so that he may bring an independent constitutional claim challenging his conviction or sentence, but rather argues that he is entitled to habeas relief because newly discovered evidence shows that his conviction is factually incorrect." *Herrera*, 506 U.S. at 404. Indeed, it does not appear, and Respondent has not argued, that Petitioner's other four claims are procedurally barred. (*See* ECF No. 16.) Thus, Petitioner is not seeking to use his actual innocence claim as a gateway to have otherwise barred constitutional claims considered. Therefore, just as the Supreme Court reasoned in *Herrera*, Petitioner's actual innocence claim does not state a ground for federal habeas relief.[3] *Herrera*, 506 U.S. at 504.

Because Petitioner's actual innocence claim is not cognizable on federal habeas review, Petitioner cannot show that his claim is "potentially meritorious" under *Rhines*.[4]

---

[3] In *Herrera*, the Supreme Court mentioned in dicta that there may be a possibility of a freestanding actual innocence claim in extraordinary cases. The Court stated "that in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim." *Herrera*, 506 U.S. at 417. The Court further noted that "the threshold showing for such an assumed right would necessarily be extraordinarily high." *Id.* Here, this is not a capital case, Petitioner is not facing execution, and California law leaves open an avenue for pursuit of actual innocence claims. *See e.g. In re Clark*, 5 Cal.4th 750, 766 (1993) (holding that successive or untimely state habeas petitions may be considered if the petitioner can demonstrate that actual innocence based on newly discovered evidence). Further, the Court finds the evidence Petitioner claims establishes actual innocence falls short of the "extraordinarily high" threshold referenced in *Herrera*.

[4] The Court further finds that a stay is not appropriate under the alternative *Kelly* procedure. Under the *Kelly* procedure, the petitioner: (1) must voluntarily dismiss all unexhausted claims from his federal petition and request the court stay the case; (2) return to state court and exhaust those claims while the federal court holds the fully exhausted claims in abeyance; and (3) seek leave to amend his federal petition to add the newly exhausted claims. *King v. Ryan*, 564 F.3d 1133, 1139 (9th Cir. 2009) citing *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003.) Under *Kelly*, the petitioner does not have to show good cause. *Id.* at 1140. However, the *Kelly* procedure "does not eliminate the requirement that there must be potential merit to the claim the petitioner wants to exhaust in state court." *Law v. McEwen*, 2012 WL 7600468, *3 (C.D. Cal. Nov. 20, 2012). *See also Gaddis v. Ryan*, 2012 WL 5512564 at *2 (explaining that "a proper exercise of discretion under *Kelly* would call for some suggestion on the record that the claims to be exhausted and subsequently added had sufficient merit and likelihood of success in light of

Accordingly, the Court **RECOMMENDS** that Petitioner's motion for stay and abeyance be **DENIED**.

### III.   CONCLUSION

The Court submits this Report and Recommendation to United States District Judge Barry Ted Moskowitz under 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(d) of the United States District Court for the Southern District of California.  For the foregoing reasons, this Court **RECOMMENDS** that Petitioner's motion for stay and abeyance be **DENIED**.

**IT IS HEREBY ORDERED** that no later than **March 25, 2016**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** any Reply to the Objections shall be filed with the Court and served on all parties no later than ten (10) days from service of the filed Objections.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  March 1, 2016

Hon. David H. Bartick
United States Magistrate Judge

---

any applicable procedural defenses, to merit the delay in the litigation."). Because Plaintiff's actual innocence claim does not have potential merit, the case should not be stayed pursuant to *Kelly*.