1
2
3
4
5
6
7
8

9           **UNITED STATES DISTRICT COURT**

10          **SOUTHERN DISTRICT OF CALIFORNIA**

11

12   PHILONG HUYNH,                        Civil No. 15cv1924-BTM (DHB)

13                        Petitioner,       **ORDER:**

14                                          **(1)  DECLINING TO ADOPT THE
                                            FINDINGS AND CONCLUSIONS
15   vs.                                    OF UNITED STATES
                                            MAGISTRATE JUDGE;**
16
                                            **(2)  DENYING PETITIONER'S
17                                          MOTION FOR STAY; and**

18   J. LIZARRAGA, Warden,                  **(3)  DENYING PETITIONER'S
                                            CONDITIONAL REQUEST FOR
19                        Respondent.       DISMISSAL OF CLAIM TWO**

20

21        Philong Huynh (hereinafter "Petitioner"), is a California prisoner proceeding pro

22   se and in forma pauperis with a Petition for a Writ of Habeas Corpus filed pursuant to

23   28 U.S.C. § 2254, challenging his convictions for one count of first degree murder and

24   four counts of sex with an intoxicated person, for which he was sentenced to life in

25   prison without the possibility of parole.  (ECF No. 1.)  He alleges here that his federal

26   Constitutional rights were violated because there is insufficient evidence to support the

27   convictions (Claim 1), he is actually innocent (Claim 2), he received ineffective

28   assistance of counsel (Claim 3), his due process rights were violated (Claim 4), and his

right to be free of unreasonable searches and seizures was violated (Claim 5).  (Pet. at 6-9; Memo. P&A Supp. Pet. [ECF No. 1-1] ("Pet. Mem.") at 3-12.[1])  Petitioner alleges he presented all five claims to the California Supreme Court in a habeas petition which was denied with an order which stated: "The petition for writ of habeas corpus is denied. (See *People v. Duvall* (1955) 9 Cal.4th 464, 474; *In re Lessard* (1965) 62 Cal.2d 497, 503; *In re Waltreus* (1965) 62 Cal.2d 218, 225; *In re Dixon* (1953) 41 Cal.2d 756, 759; *In re Swain* (1949) 34 Cal.2d 300, 304; *In re Lindley* (1947) 29 Cal.2d 709, 723.)"  (Pet. at 6-9; Pet. Mem. at 1.)

Currently before the Court is Petitioner's Motion for Stay in which he indicates that he read in a handbook on federal habeas corpus that if the California Supreme Court denies a habeas petition with a citation to In re Swain, a petitioner should respond by filing a new and more detailed habeas petition in order to obtain a decision on the merits. (Mot. for Stay [ECF No. 7] at 1-2.)  He requests a stay of the federal proceedings for that purpose, but he does not identify the claims, evidence or argument he would include in such a petition.  (Id.)

Respondent has filed an Opposition.  (ECF No. 11.)  According to Respondent, Claims 1 and 4 were raised and denied in the state appellate and supreme courts on direct appeal, and the United States Supreme Court subsequently denied certiorari on October 7, 2013.  (Opp. at 2.)  Respondent contends Petitioner's subsequent state supreme court habeas petition contained all claims presented here except Claim 2, his actual innocence claim, and that Claim 2 therefore "appears" to be unexhausted.  (Id. at 2-3.)  Respondent argues a stay is not appropriate because: (1) Petitioner has failed to indicate what new evidence or claims he would present to the state supreme court in a new habeas petition; (2) a freestanding actual innocence claim (as opposed to a claim of actual innocence seeking to excuse a procedural default) is not cognizable on federal habeas; and (3) the actual innocence claim does not relate back to any timely claim in the Petition and is now

---

[1] When citing to documents filed with the Court's Electronic Case Filing ("ECF") system, the Court will refer to the pages assigned by that system.

barred by the one-year statute of limitations.  (Id. at 3-5.)  Respondent also reserves the right to argue timeliness and procedural default if Petitioner is permitted to return to state court and exhaust his actual innocence claim.  (Id. at 5.)  Respondent subsequently filed an Answer to the Petition asserting that the Petition is timely, repeating that Claim 2 appears unexhausted, and arguing that federal habeas relief is unavailable because the state court adjudication of Claims 1 and 3 is neither contrary to, nor involves an unreasonable application of, clearly established federal law, Claim 4 is vague and conclusory, and Claims 2 and 5 are not cognizable on federal habeas.  (ECF No. 16.)

Petitioner has filed a Reply indicating he does not understand the difference between freestanding and gateway actual innocence claims, and stating: "all I knew as a pro se petitioner was that I must maintain my innocence in the death of [the victim]," and that he has gathered evidence over the last several years to prove his innocence and to support his other claims.  (Reply [ECF No. 15] at 1-2.)  He argues that any delay in presenting the actual innocence claim is excusable because it was caused by depression, injuries he sustained in prison, and difficulty gathering evidence in support of the claim, but that in any case the claim supplements and therefore relates back to his insufficiency of the evidence claim.  (Id. at 2-3.)

United States Magistrate Judge David Bartick has filed a Report and Recommendation ("R&R") which recommends the Motion for Stay be denied.  (ECF No. 20.)  The Magistrate Judge found that Claim 2 is unexhausted, and that even assuming Petitioner could demonstrate good cause for his failure to exhaust, a stay is not available because the claim does not have potential merit since the United States Supreme Court has not yet recognized a freestanding actual innocence claim as a basis for federal habeas relief.  (R&R at 4-5.)

Petitioner has filed Objections to the R&R arguing that he exhausted Claim 2 by presenting it in his state supreme court habeas petition.  (Obj. [ECF No. 27] at 1.)  He also argues that Claim 2 can be used, if necessary, as a gateway to excuse any untimeliness or procedural default regarding his other claims.  (Id. at 1-2.) Petitioner has

also filed a Conditional Request for Dismissal of Ground Two in which he indicates that if this Court decides to adopt the R&R and deny his Motion for Stay, and if the Court determines that Claim 2 is unexhausted and therefore renders his Petition "mixed," he wishes to have Claim 2 dismissed from the Petition.   (ECF No. 24 at 1.)

The Court has reviewed the R&R and the Objections thereto pursuant to 28 U.S.C. § 636(b)(1), which provides that: "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  For the following reasons, the Court declines to adopt the Magistrate Judge's findings and will address Petitioner's Motion for Stay in the first instance.

The Court declines to adopt the Magistrate Judge's finding that a stay is inappropriate because an actual innocence claim has no potential merit in a federal habeas proceeding.  It is an open question whether a freestanding claim of actual innocence, as opposed to its use as a gateway to avoid a procedural default, is cognizable on federal habeas.  See Jones v. Taylor, 763 F.3d 1242, 1246 (9th Cir. 2014) ("We have not resolved whether a freestanding actual innocence claim is cognizable in a federal habeas corpus proceedings in the non-capital context, although we have assumed that such a claim is viable."), citing McQuiggin v. Perkins, 569 U.S. ___, 133 S.Ct. 1924, 1931 (2013) (noting that it is, as yet, unresolved whether a freestanding actual innocence claim is cognizable on federal habeas) and Herrera v. Collins, 506 U.S. 390, 417 (1993) (acknowledging the possibility that a freestanding actual innocence claim would exist in the capital context).

The Court also declines to adopt the Magistrate Judge's finding that Claim 2 is unexhausted, and finds Petitioner has exhausted his state court remedies regarding this claim.  Petitioner alleged in his Petition that he presented Claim 2 to the state supreme court. (Pet. at 7.) Respondent merely states Claim 2 "appears" unexhausted, without any

analysis to support that contention other than a summary determination that it was not presented in the state habeas petition.  (Opp. at 4.)  However, even assuming Petitioner did not include Claim 2 in his state habeas petition, the exhaustion requirement is satisfied, "if it is clear that (the habeas petitioner's) claims are now procedurally barred under (state) law."  Gray v. Netherland, 518 U.S. 152, 161 (1996), quoting Castille v. Peoples, 489 U.S. 346, 351 (1989); Engle v. Isaac, 456 U.S. 107, 125-26 n.28 (1982) (noting that the exhaustion requirement applies "only to remedies still available at the time of the federal petition."); Valerio v. Crawford, 306 F.3d 742, 770 (9th Cir. 2002) (same), citing Phillips v. Woodford, 267 F.3d 966, 974 (9th Cir. 2001) ("the district court correctly concluded that [the] claims were nonetheless exhausted because 'a return to state court for exhaustion would be futile.'"); Cassett v. Stewart, 406 F.3d 614, 621 n.5 (9th Cir. 2005) ("A habeas petitioner who has defaulted his federal claims in state court meets the *technical* requirements for exhaustion; there are no state remedies any longer 'available' to him."), quoting Coleman v. Thompson, 501 U.S. 722, 732 (1991). Petitioner has already filed a state habeas petition which was denied with citations to numerous procedural bars, and his direct appeal has been final since the United States Supreme Court denied certiorari on October 7, 2013.  Because it has been over two and one-half years since his conviction was final, because the state court has already issued procedural bars in Petitioner's previous habeas petition, and because Petitioner has not identified any new claims or evidence he has not already presented to the state court, it is clear that any attempt by Petitioner to return to state court at this time in order to seek further post-conviction relief with respect to Claim 2 would meet with the imposition of a procedural bar. See In re Clark, 5 Cal.4th 750, 797-98 (1993) ("the general rule is still that, absent justification for the failure to present all known claims in a single, timely petition for writ of habeas corpus, successive and/or untimely petitions will be summarily denied," and describing the "fundamental miscarriage of justice" exception to that rule).

/ / /

1        Accordingly, Petitioner is not entitled to a stay of his federal proceedings while

2  he exhausts state court remedies because he has not identified an unexhausted claim

3  which he wishes to return to state court to exhaust.  Jackson v. Roe, 425 F.3d 654, 661

4  (9th Cir. 2005).  The Court therefore **DENIES** Petitioner's Motion for Stay on the basis

5  that he has failed to identify an unexhausted claim he wishes to return to state court to

6  exhaust while his federal Petition is stayed.  The Court **DENIES** as moot Petitioner's

7  Conditional Request for Dismissal of Ground Two.

8                    **CONCLUSION AND ORDER**

9        For the reasons set forth above, the Court **DECLINES TO ADOPT** the findings

10  and conclusions of the Magistrate Judge [ECF No. 20], **DENIES** Petitioner's Motion for

11  Stay [ECF No. 7], and **DENIES** Petitioner's Conditional Request for Dismissal of Claim

12  2 [ECF No. 24].

13        **IT IS SO ORDERED.**

14  DATED:  May 23, 2016

15                       BARRY TED MOSKOWITZ, Chief Judge

16                       United States District Court

15cv1924