UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Philong Huynh,<br><br>                          Petitioner,<br><br>v.<br><br>J. Lizarraga,<br><br>                         Respondent. | Case No.: 15-cv-01924-BTM-AGS<br><br>**ORDER DENYING PLAINTIFF'S DISCOVERY MOTION [Doc. 65] AND REQUIRING PLAINTIFF TO SHOW CAUSE** |

Petitioner Philong Huynh's motion for discovery and appointed counsel (ECF No. 65) is **DENIED** without prejudice because his habeas petition appears untimely.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a state prisoner has one year to file a federal habeas petition starting from "the date on which the judgment became final by the conclusion of direct review. . . ." 28 U.S.C. § 2244(d)(1)(A). On October 7, 2014,[1] exactly one year after direct review concluded, Huynh timely filed his

---

[1] Under the prison mailbox rule, a self-represented prisoner's appeal is considered "filed at the time [the inmate] delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988). Although it was file-stamped a week later, Huynh's petition was mailed or handed to prison officials on October 7, 2014. Petition for Writ of Habeas Corpus at 11, *Huynh v. Lizarraga*, Civil No. 14-cv-2452-BEN-RBB (S.D. Cal. Oct. 14, 2014), ECF No. 1.

1

first petition. *See Huynh v. California*, 134 S.Ct. 278 (2013) (certiorari petition denied on October 7, 2013); (ECF No. 12-6) (same).

The Court ultimately dismissed his case for failure to exhaust state remedies but granted leave to amend until March 6, 2015. Order at 3, *Huynh v. Lizarraga*, Civil No. 14-cv-2452-BEN-RBB (S.D. Cal. Jan. 14, 2015), ECF No. 7. Huynh never filed an amended petition, so that original litigation was terminated on March 6, 2015. *Id*. at 3.

Almost six months after his amendment deadline—on August 31, 2015[2]—Huynh filed this new habeas petition. (ECF No. 1, at 1.) The Court previously warned Huynh that if he failed to amend and instead filed a new petition, the federal limitations period could continue to run. Order at 2-3, *Huynh*, Civil No. 14-cv-2452-BEN-RBB (S.D. Cal. Jan. 14, 2015), ECF No. 7. Now Huynh is well past the one-year habeas filing period. And "the filing of the second habeas petition, following dismissal without prejudice of the first petition," does not "relate[] back to the date of the first petition." *Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir. 1999).

Although Huynh's habeas claims appear to be time-barred, it is possible he has a basis to avoid default, such as a state habeas petition that tolled the limitations period. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. . . .").

Thus, the Court **ORDERS** Huynh to show cause by **June 27, 2017**, why his petition should not be dismissed as untimely. Respondent must file any response by **July 11, 2017**.

Dated: May 31, 2017

Hon. Andrew G. Schopler
United States Magistrate Judge

---

[2] Although the new petition was apparently signed on August 24, 2015, and mailed on August 28, 2015, it does not indicate the date that it was given to prison officials. (ECF No. 1, at 11-12, 14.) It was filed in our Court on August 31, 2015. (ECF No. 1, at 1.)

2